B1040 (FORM 1040) (12/15)

|  |  |
|---|---|
| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
|  |  |

| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
|---|---|
|  |  |

| **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

---

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**<br>☐ 11 - Recovery of money/property - § 542 turnover of property<br>☐ 12 - Recovery of money/property - § 547 preference<br>☐ 13 - Recovery of money/property - § 548 fraudulent transfer<br>☐ 14 - Recovery of money/property - other | **FRBP 7001(6) – Dischargeability (continued)**<br>☐ 61 - Dischargeability - § 523(a)(5), domestic support<br>☐ 68 - Dischargeability - § 523(a)(6), willful and malicious injury<br>☐ 63 - Dischargeability - § 523(a)(8), student loan<br>☐ 64 - Dischargeability - § 523(a)(15), divorce or separation obligation (other than domestic support)<br>☐ 65 - Dischargeability - other |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☐ 21 - Validity, priority or extent of lien or other interest in property | **FRBP 7001(7) – Injunctive Relief**<br>☐ 71 - Injunctive relief - reinstatement of stay<br>☐ 72 - Injunctive relief - other |
| **FRBP 7001(3) – Approval of Sale of Property**<br>☐ 31 - Approval of sale of property of estate and of co-owner - § 363(h) | **FRBP 7001(8) Subordination of Claim or Interest**<br>☐ 81 - Subordination of claim or interest |
| **FRBP 7001(4) – Objection/Revocation of Discharge**<br>☐ 41 - Objection / revocation of discharge - § 727(c),(d),(e) | **FRBP 7001(9) Declaratory Judgment**<br>☐ 91 - Declaratory judgment |
| **FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51 - Revocation of confirmation | **FRBP 7001(10) Determination of Removed Action**<br>☐ 01 - Determination of removed claim or cause |
| **FRBP 7001(6) – Dischargeability**<br>☐ 66 - Dischargeability - § 523(a)(1),(14),(14A) priority tax claims<br>☐ 62 - Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud<br>☐ 67 - Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny<br>**(continued next column)** | **Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§ 78aaa *et.seq.*<br>☐ 02 - Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B1040

B1040 (Page 2) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR ||| BANKRUPTCY CASE NO. |
| DISTRICT IN WHICH CASE IS PENDING || DIVISIONAL OFFICE | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF || DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature**. This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

B1040

```
Philip Burkhardt    SBN 65351
BURKHARDT & LARSON
6006 El Tordo, Suite 200
P.O. Box 1369
Rancho Santa Fe, California 92067
(858) 756-3743
(858) 756-9805 (Fax)
```

Attorneys for Plaintiff(s) GERALD L. BECKWITH

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

| | |
|---|---|
| In Re<br><br>TIMOTHY J. GRANT<br><br>Debtor. | BANKRUPTCY NO.: 20-01895-LT7 |
| GERALD L. BECKWITH, individual; and GERALD L. BECKWITH as Trustee of the Gerald L. Beckwith Trust dated October 5, 1999<br><br>Plaintiff(s)<br><br>v.<br><br>TIMOTHY J. GRANT<br><br>Defendant(s) | ADVERSARY NO.: |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

JURY DEMAND. Gerald L Beckwith, individually and as trustee of the Gerald L. Beckwith Trust dated October 5, 1999 (hereinafter, "Plaintiff" or "Beckwith"), alleges as follows:

### I. INTRODUCTION

1. Timothy J. Grant (hereinafter, "Defendant") is the named debtor in the above-entitled bankruptcy proceeding, *In Re Timothy J. Grant*, United States Bankruptcy Court for the Southern District of California, Case No. 20-01895-LT7. Plaintiff filed this action in order to object to the discharge of Plaintiff's claims against Defendant in the pending state

BURKHARDT & LARSON
ATTORNEYS AT LAW
P.O. BOX 1369
RANCHO SANTA FE, CA 92067
(858) 756-3743

1
COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

action identified *Frank R. Fiorito v. Gerald L. Beckwith, et al.*, Superior Court of California, County of San Diego – North County Division, Consolidated Case Nos: 37-2019-00027557-CU-OR-NC and 37-2019-00029612-CU-OR-NC (hereinafter, the "State Action"). Plaintiff seeks the determination that Plaintiff's claims against Defendant in the State Action are non-dischargeable under 11 U.S.C § 523(a)(6).

## II. JURISDICTION AND VENUE

2. On or about April 3, 2020, Defendant filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "United States Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of California.

3. On or about April 30, 2020, Defendant's duly-noticed meeting of creditors was held pursuant to 11 U.S.C § 341(a).

4. Defendant has not been granted a discharge as of the date of this complaint.

5. This complaint is timely because the date by which a complaint objecting to Defendant's discharge or to determine the dischargeability of a debt expires on June 29, 2020, sixty (60) days after the meeting of creditors.

6. This is an adversary proceeding in which the plaintiff-creditor is seeking a determination as to the dischargeability of the debt owed by the defendant-debtor to the plaintiff-creditor under 11 U.S.C. § 523(a)(6).

7. This Court has jurisdiction over the adversary proceeding pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 523(a)(6).

8. This case is a core proceeding pursuant to 28 U.S.C. § 157(b). Plaintiff consents to the entry of final orders or judgment by the bankruptcy court.

## III. PARTIES

9. Plaintiff is, and was at all relevant times herein, a resident of the County of San Diego, State of California.

10. Defendant is, and was at all relevant times herein, a resident of the County of San Diego, State of California.

///

BURKHARDT & LARSON
ATTORNEYS AT LAW
P.O. BOX 1369
RANCHO SANTA FE, CA 92067
(858) 756-3743

2
COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

## IV. FACTUAL ALLEGATIONS

11. On January 1, 2008, Beckwith was the owner of record of the real property commonly known as 18395 Colina Fuerte, Rancho Santa Fe, California 92067 (hereinafter, the "Real Property"), and more particularly described as set forth in Exhibit 1 and made part of this complaint. After purchasing the Real Property, Beckwith invited Leslie L. Barone (hereinafter, "Barone") to live with him at the Real Property and, by 2008, Beckwith and Barone had developed a long-term relationship.

12. On May 24, 2010, Beckwith executed a quitclaim conveying title to the Real Property to both Beckwith and Barone. Beckwith executed this quitclaim deed pursuant to a written agreement between Beckwith and Barone. The May 24, 2010 quitclaim deed was recorded in the Official Records of the County of San Diego on June 10, 2010, Document No. 2010-0291816.

13. In 2014, Beckwith and Barone terminated their long-term relationship under which they had been cohabitating at the Real Property, and Barone moved into a separate residence. As a result of their separation, on July 11, 2017, Barone executed and delivered to Beckwith a quitclaim deed remising, releasing, and forever quitclaiming to Beckwith all of Barone's right, title, and interest in the Real Property (hereinafter, the "2017 Quitclaim Deed"). A copy of the 2017 Quitclaim Deed is attached hereto as Exhibit 2 and made a part of this complaint.

14. However, on or about February 13, 2019, Barone executed and delivered a quitclaim deed that purportedly conveyed an interest in the Real Property to Frank R. Fiorito (hereinafter, the "2019 Quitclaim Deed"). Plaintiff is informed and believes and thereon alleges that at the time of execution and delivery, Frank R. Fiorito (hereinafter, "Fiorito") knew that Barone had separated from her prior relationship with Beckwith, had not resided in the Real Property for several years, and had previously executed and delivered the 2017 Quitclaim Deed. The 2019 Quitclaim Deed was false in that it purported to transfer an interest to Fiorito that Barone did not have, clouding title to the Real Property. A copy of the 2019 Quitclaim Deed is attached hereto as Exhibit 3 and made a part of this complaint.

BURKHARDT & LARSON
ATTORNEYS AT LAW
P.O. BOX 1369
RANCHO SANTA FE, CA 92067
(858) 756-3743

3
COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

15. On or about February 14, 2019, Defendant and Fredrickson, Mazeika & Grant, LLP, a California limited liability partnership (hereinafter, "FMG"), procured and/or offered the 2019 Quitclaim Deed to be recorded in the Official Records of the County of San Diego. Plaintiff is informed and believes and thereon alleges that at the time of procurement and/or offering, Defendant, acting as an agent for FMG, knew that Barone had separated from her prior relationship with Beckwith, had not resided at the Real Property for several years, and had previously executed and delivered the 2017 Quitclaim Deed. The procuring and/or offering to record the 2019 Quitclaim Deed constituted the recording of a false document in violation of California Penal Code section 115. Fiorito, Defendant and FMG recorded the 2019 Quitclaim Deed in order to cloud Beckwith's title to the Real Property as a means of extracting financial concession from Beckwith.

16. In or around April of 2019, and after Beckwith became aware of the recording of the 2019 Quitclaim Deed, Beckwith duly demanded that Fiorito clear the cloud on Beckwith's title by executing and delivering to Beckwith a quitclaim deed to the Real Property in favor of Beckwith. However, Fiorito failed and refused to remove the cloud on Beckwith's title to the Real Property.

17. On or about May 23, 2019, Beckwith, through legal counsel, duly demanded that Fiorito, Defendant and FMG cease the withholding of Beckwith's title and promptly record a properly executed and acknowledged quitclaim deed of all Fiorito's purported interest in the Real Property to Beckwith. Thus, clearing the cloud on the title created by the recording of the 2019 Quitclaim However, Fiorito, Defendant and FMG refused.

18. On June 6, 2019, Beckwith filed a verified complaint for slander of title, violation of Penal Code section 496(a), cancellation of deed, quiet title, and financial elder abuse with the Superior Court of California, County of San Diego – North County Division (hereinafter, the "Beckwith Complaint"). Defendant and FMG were joined to the State Action via the Beckwith Complaint's causes of action for slander of title, violation of Penal Code section 496(a), and financial elder abuse. At the time of filing, Defendant was a partner at FMG. The Beckwith Complaint contends that Defendant and FMG are liable for procuring

BURKHARDT & LARSON
ATTORNEYS AT LAW
P.O. BOX 1369
RANCHO SANTA FE, CA 92067
(858) 756-3743

4
COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

and/or offering to record the 2019 Quitclaim notwithstanding their actual knowledge of the 2017 Quitclaim Deed at the time of recording in violation of California Penal Code section 115.

19. 11 U.S.C. § 523(a) provides, in relevant part, that:

> A discharge under section 727, 1141, 1128(a), 1128(b) or 1328(b) of this title does not discharge an individual debtor from any debt –
>
> …
>
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity…

20. Defendant procured and/or offered the 2019 Quitclaim Deed to be recorded in the Official Records of the County of San Diego. At the time of procurement and/or offering, Defendant, acting as an agent for FMG, knew that Barone had separated from her prior relationship with Beckwith, had not resided at the Real Property for several years, and had previously executed and delivered the 2017 Quitclaim Deed. The procuring and/or offering to record the 2019 Quitclaim Deed constituted the recording of a false document in violation of California Penal Code section 115. Defendant and FMG recorded the 2019 Quitclaim Deed in order to cloud Beckwith's title to the Real Property as a means of extracting financial concessions from Beckwith. Defendant's conduct constitutes slander of title, financial elder abuse and a violation of Penal Code section 496(a).

21. Defendant's conduct was willful as Defendant and FMG recorded the 2019 Quitclaim Deed in order to cloud Beckwith's title to the Real Property as a means of extracting financial concession from Plaintiff. Furthermore, Defendant's conduct was willful as Defendant believed that the clouding of Beckwith's title to the Real Property was substantially certain to occur as a result of the procuring and/or offering to record the 2019 Quitclaim Deed.

22. Defendant's conduct was also malicious as Defendant recorded the 2019 Quitclaim Deed in order to cloud Beckwith's title to the Real Property as a means of extracting financial concession from Beckwith. At the time of procurement and/or offering,

BURKHARDT & LARSON
ATTORNEYS AT LAW
P.O. BOX 1369
RANCHO SANTA FE, CA 92067
(858) 756-3743

5
COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

Defendant, acting as an agent for FMG, knew that Barone had separated from her prior relationship with Beckwith, had not resided at the Real Property for several years, and had previously executed and delivered the 2017 Quitclaim Deed.

## V.    FIRST CAUSE OF ACTION

**(Cause of Action for Slander of Title Is Non-Dischargeable Under 11 U.S.C. § 523(a)(6))**

23.    Plaintiff repeats and re-alleges paragraphs 1 through 22 as though fully set forth herein.

24.    The recording of the 2019 Quitclaim Deed directly impaired the vendibility of the Real Property on the open market, resulting in damages to Plaintiff in an amount according to proof at trial.

25.    The recording of the 2019 Quitclaim Deed made it necessary for Plaintiff to retain attorneys and to bring the State Action to cancel the instrument casting doubt on Plaintiff's title. Therefore, Plaintiff is entitled to recover attorney's fees and costs incurred in canceling the instrument. The exact amount of such damages is not known to Plaintiff at this time, and will be subject to proof at trial.

26.    Defendant's acts were fraudulent, oppressive, and malicious in that in recording the false deed Defendant acted with conscious disregard of the rights of Plaintiff, with the intent to, and the effect of, harming Plaintiff's interest in the Real Property. Therefore, the awarding of exemplary and punitive damages is justified.

27.    Plaintiff's causes of action for Slander of Title in the State Action is non-dischargeable under 11 U.S.C. § 523(a)(6) because Defendant's conduct was willful and malicious.

## VI.    SECOND CAUSE OF ACTION

**(Cause of Action for Violation of Penal Code section 496(a) Is Non-Dischargeable Under 11 U.S.C. § 523(a)(6))**

28.    Plaintiff repeats and re-alleges paragraphs 1 through 27 as though fully set forth herein.

29.    Defendant's unlawful acts as previously set forth herein constituted violations

BURKHARDT & LARSON
ATTORNEYS AT LAW
P.O. BOX 1369
RANCHO SANTA FE, CA 92067
(858) 756-3743

6
COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

of various sections of the California Penal Code pertaining to theft, extortion, recording a false document in violation of Penal Code section 115, subdivision (a), and other fraudulent crimes, including, but not limited to, Penal Code section 496, subdivision (a).

30. Fiorito, in violation of Penal Code section 848 *et seq.*, is guilty of theft for having obtained property by false or fraudulent represented or pretense, and/or having defrauded Plaintiff of property.

31. Defendant aided an abetted the fraudulent actions and violations of the various sections of the California Penal Code committed by Fiorito by lending substantial aid and assistance to Fiorito with full knowledge of the rights of Plaintiff.

32. Defendant, therefore, violated Penal Code section 496, subdivision (a), for which treble damages, costs of suit and attorneys' fees are required under Penal Code section 496, subdivision (c).

33. Plaintiff's causes of action for Violation of Penal Code section 496, subdivision (a), in the State Action is non-dischargeable under 11 U.S.C. § 523(a)(6) because Defendant's conduct was willful and malicious.

## VII. THIRD CAUSE OF ACTION

**(Cause of Action for Financial Elder Abuse Is Non-Dischargeable Under 11 U.S.C. § 523(a)(6))**

34. Plaintiff repeats and re-alleges paragraphs 1 through 33 as though fully set forth herein.

35. Gerald L. Beckwith resides in Rancho Santa Fe, California, and at all time relevant to this action was more than 65 years of age.

36. The Real Property is property of an elder.

37. Fiorito appropriated property of an elder or dependent adult for wrongful use or with the intent to defraud, in that Defendant, prepared and recorded the Fiorito quitclaim deed knowing that the grantor Barone had already divested herself of ant interest in the Real Property via the 2017 Quitclaim Deed.

38. Fiorito appropriated property of an elder for wrongful use or with the intent to

BURKHARDT & LARSON
ATTORNEYS AT LAW
P.O. BOX 1369
RANCHO SANTA FE, CA 92067
(858) 756-3743

7
COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

defraud because Fiorito, Defendant, and FMG knew or should have known that their conduct was likely to be harmful to Plaintiff in that, Fiorito, Grant and FMG knew that recording the dale 2019 Quitclaim Deed would have the effect of clouding Plaintiff's title to the Real Property.

39. Defendant and FMG and aided and abetted in appropriating property of an elder or dependent adult for wrongful use or with the intent to defraud, in that Defendant and FMG recorded a false deed to the Real Property knowing that the grantor Barone had divested herself of any interest in the 2017 Quitclaim Deed.

40. Fiorito's actions in appropriating Plaintiff's right, title, and interest in the Real Property for a wrongful use or with the intent to defraud as described in this complaint constitute financial elder abuse as defined by Welfare and Institutions Code section 15610.30 and Plaintiff is entitled to remedies provided by Welfare and Institutions Code sections 15657.5.

41. Defendant and FMG assisted in appropriating Plaintiff's right, title, and interest in the Real Property for a wrongful use or with the intent to defraud. The actions of Defendant and FMG described in this complaint constitute financial elder abuse as defined by Welfare and Institutions Code section 15610.30 and Plaintiff is entitled to the remedies provided by Welfare and Institutions Code sections 15657.5.

42. In committing the actions and conduct described above, Defendant acted with recklessness, oppression, fraud, and malice, and Plaintiff, therefore, is entitled to an award of exemplary or punitive damages pursuant to Welfare and Institutions Code section 15657.5 and Civil Code section 3294.

43. Plaintiff's causes of action for Financial Elder Abuse in the State Action is non-dischargeable under 11 U.S.C. § 523(a)(6) because Defendant's conduct was willful and malicious.

WHEREFORE, Plaintiff prays judgment against Debtor as follows:

On the First Cause of Action:

1. The Court determine the existence of debt owed by Defendant to Plaintiff for

BURKHARDT & LARSON
ATTORNEYS AT LAW
P.O. BOX 1369
RANCHO SANTA FE, CA 92067
(858) 756-3743

8
COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

the cause of action for Slander of Title in the State Action and that the debt is non-dischargeable under 11 U.S.C. § 523(a)(6).

On the Second Cause of Action:

2. The Court determine the existence of debt owed by Defendant to Plaintiff for the cause of action for Violation of Penal Code section 496(a) in the State Action and that the debt is non-dischargeable under 11 U.S.C. § 523(a)(6).

On the Third Cause of Action:

3. The Court determine the existence of debt owed by Defendant to Plaintiff for the cause of action for Financial Elder Abuse in the State Action and that the debt is non-dischargeable under 11 U.S.C. § 523(a)(6).

On All Causes of Action:

4. The Court not determine the price amount of Plaintiff's claim against Defendant in the State Action and send such matter to the state court for determination;

5. For an award of attorney's fees as allowable by law in an amount the Court determines to be reasonable;

6. For costs of suit herein incurred; and

7. For such other and further relief as this Court deems just and proper.

Date: June 24, 2020                          Respectively Submitted

                                             BURKHARDT & LARSON


                                              /s/ Philip Burkhardt
                                             PHILIP BURKHARDT
                                             Attorneys for Gerald L. Beckwith

BURKHARDT & LARSON
ATTORNEYS AT LAW
P.O. BOX 1369
RANCHO SANTA FE, CA 92067
(858) 756-3743

9
COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT