Steven W. Yuen - 230768
syuen@heathandyuen.com
HEATH & YUEN, APC
268 Bush Street, #3006
San Francisco, CA 94104
Tel:   (415) 622-7004
Fax:   (415) 373-3957

Attorneys for Stephen B. Heath

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA - SAN DIEGO**

| | |
|---|---|
| In re:<br>TIMOTHY JOSEPH GRANT,<br>    Debtor,<br>STEPHEN B. HEATH,<br>    Plaintiff,<br>v.<br>TIMOTHY JOSEPH GRANT,<br>    Defendant. | Chapter 7 Case<br><br>No. 20-01895-LT7<br><br><br>Adversary Proceeding No. _____<br><br><br>**COMPLAINT FOR EXCEPTION TO DISCHARGE AND TO DENY DEBTOR'S DISCHARGE** |

Stephen B. Heath alleges:

**GENERAL ALLEGATIONS**

1. This is a core proceeding under 28 U.S.C. §§157(b)(2)(I) and (J). The basis for jurisdiction is 28 U.S.C. §1334, 11 U.S.C. §523(a) and 11 U.S.C. §727(a).

2. The bankruptcy case of Defendant Timothy Joseph Grant ("Grant" or "Defendant") was commenced on April 3, 2020.

3. Stephen B. Heath ("Heath") is an individual who resides in California.

4. Heath is the Heath in the San Francisco County Superior Court case in case number CGC-15-543939 (the "Superior Court Case"). Defendant is a defendant in the Superior Court Case with co-Defendants Fredrickson, Mazeika & Grant, LLP, and Fredrickson, Mazeika & Grant, LLC and fictitiously named defendants (collectively the "Superior Court Case Co-Defendants").

5. In or about May 2014, and when Heath was employed by Fredrickson, Mazeika & Grant, LLP, Grant physically assaulted and battered Heath multiple times while they were riding in a limousine together.

6. That Defendant caused events to occur in the City of Dallas, Texas out of which the claims hereinafter set forth have arisen.

7. At no time immediately before Grant physically assaulted and battered Heath did Heath engage in or commit any conduct so as to cause Grant to believe that Heath was about to harm Grant; Grant was not acting in self-defense, or in defense of others.

8. At no time immediately before Grant physically assaulted and battered Heath did Heath express any consent by words, acts, silence, or inaction that would reasonably cause Grant to understand Heath had given his consent to be physically assaulted and battered by Grant.

9. Heath did not consent to be physically assaulted and battered by Grant.

10. That at all relevant times, Heath was employed by Fredrickson, Mazeika & Grant, LLP.

11. That at all relevant times, Grant did dominate, influence, and control Fredrickson, Mazeika & Grant, LLP as well as its property and affairs.

12. That at all relevant times there was such a unity of interest and ownership between Grant and Fredrickson, Mazeika & Grant, LLP that the individuality and separateness of each has ceased.

13. That on May 8, 2017 the San Diego County Superior in Case No. D563916 entered a divorce decree purportedly dissolving the marriage of Grant and Andrea J. Grant.

2

14. On March 5, 2019, Andrea J. Grant filed a verified complaint with the San Diego County Superior Court against Grant in case number 37-2019-00011851-CU-BC-CL (the "San Diego Case") for alleged unpaid spousal support and for rent on the martial residence.

15. On March 15, 2019, Grant and Andrea J. Grant filed a stipulation for judgement in the San Diego Case whereby Andrea J. Grant received a judgment for $85,295 for purported unpaid rent and spousal support.

16. On information and belief, Grant and Andrea J. Grant's divorce is a sham. Heath believes and asserts that to-be-conducted discovery will likely reveal:

- That Grant and Andrea J. Grant continue to live together after their divorce in the marital residence, which was transferred to Andrea J. Grant;
- That Grant was not represented by counsel in the divorce proceeding;
- That Grant continues to pay a portion or all of the mortgage, taxes, and other costs on the marital residence;
- That there was an inequitable distribution of debts and assets in the divorce;
- That the Grant and Andrea J. Grant hold themselves out in the public as still being married;
- That San Diego Case was collusively filed by Grant and Andrea J. Grant and
- That the judgment entered in the San Diego Case was obtained by collusion between Grant and Andrea J. Grant.

## COUNT ONE
## INTENTIONAL ASSAULT

17. The allegations of the above section entitled, "General Allegations" are incorporated in this section.

18. Grant acted tending to cause harmful and/or offensive contact to Heath.

19. Heath reasonably believed he was about to be touched in a harmful and/or an offensive manner.

20. Grant threatened to touch Heath in a harmful and/or an offensive manner.

21. It reasonably appeared to Heath that Mr. Grant was about to carry out the threat.

22. Heath did not consent to Grant's conduct.

3

23. Heath was harmed due to Grant's conduct.

24. Grant's conduct was a substantial factor in causing Heath's harm in an amount to be proven at trial.

25. Heath is informed and believes, and thereon alleges after such intentional, harmful, malicious, and oppressive conduct occurred, Grant knew of, authorized, adopted, and approved of such conduct.

26. . Heath's claims against Grant arising from the conduct and actions described in this Count are claims for Grant's willful and malicious injury of Heath and are thus a debt that must be excepted from Grant's discharge pursuant to 11 U.S.C. §523(a)(6).

## COUNT TWO
## INTENTIONAL BATTERY

27. The allegations of the above section entitled, "General Allegations" and Count One are incorporated in this section.

28. Grant acted, touched Heath or caused Heath to be touched with intent to harm or offend him.

29. Heath did not consent to the touching.

30. Heath was harmed or offended by Mr. Grant's conduct in an amount to be proven at trial.

31. A reasonable person in Heath's situation would have been offended by the touching.

32. Grant's conduct was a substantial factor in causing Heath's harm in an amount to be proven at trial.

33. Heath is informed and believes, and thereon alleges after such intentional, harmful, malicious, and oppressive conduct occurred, Grant knew of, authorized, adopted, and approved of such conduct.

34. Heath's claims against Grant arising from the conduct and actions described in this

4

Count are claims for Grant's willful and malicious injury of Heath and are thus a debt that must be excepted from Grant's discharge pursuant to 11 U.S.C. §523(a)(6).

## COUNT THREE
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

35. The allegations of the above section entitled "General Allegations," Count One and Count Two are incorporated in this section,

36. Grant's conduct was outrageous.

37. Grant intended to cause Heath emotional distress.

38. Grant acted with reckless disregard of the probability that Heath would suffer emotional distress, knowing that Heath was present when the conduct occurred.

39. Heath has suffered severe emotional distress caused by Grant's intentional conduct.

40. Grant's conduct was a substantial factor in causing Heath's severe emotional distress in an amount to be proven at trial.

41. Heath is informed and believes, and thereon alleges after such intentional, harmful, malicious, and oppressive conduct occurred, Grant knew of, authorized, adopted, and approved of such conduct

42. Heath's claims against Grant arising from the conduct and actions described in this Count are claims for Grant's willful and malicious injury of Heath and are thus a debt that must be excepted from Grant's discharge pursuant to 11 U.S.C. §523(a)(6).

## COUNT FOUR
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

43. The allegations of the above section entitled, "General Allegations," Count One, Count Two and Count Three are incorporated in this section.

44. Heath owned, possessed, and had a right to possess personal property, including but not limited to guitars and personal belongings (collectively hereafter "Property") left in

5

Fredrickson, Mazeika & Grant, LLP 's San Francisco office.

45. Grant intentionally took the property and prevented Heath from having access to and retrieving his Property when FMG unilaterally terminated his employment, barred him from returning to the office, and further barred him from retrieving his Property.

46. Heath did not consent to Grant's conduct regarding such Property.

47. Heath was harmed.

48. Grant's conduct was a substantial factor in causing Heath's harm in an amount to be proven at trial.

49. Heath's claims against Grant arising from the conduct and actions described in this Count are claims for Grant's larceny of the Property and must be excepted from Grant's discharge pursuant to 11 U.S.C. §523(a)(4).

50. Heath's claims against Grant arising from the conduct and actions described in this Count are claims for Grant's willful and malicious injury of the Property and are thus a debt that must be excepted from Grant's discharge pursuant to 11 U.S.C. §523(a)(6).

## COUNT FIVE
## TRESPASS TO CHATTELS

51. The allegations of the above section entitled, "General Allegations," Count One, Count Two, Count Three and Count Four are incorporated in this section.

52. Heath owned and had a right to possess the Property.

53. Grant intentionally interfered with Heath's use or possession of the Property.

54. Heath did not consent to Grant's actions regarding the Property.

55. Heath was harmed.

56. Mr. Grant's conduct was a substantial factor in causing Heath's harm in an amount to be proven at trial.

57. Heath's claims against Grant arising from the conduct and actions described in this

6

Count are claims for Grant's willful and malicious injury of the Property and are thus a debt that must be excepted from Grant's discharge pursuant to 11 U.S.C. §523(a)(6).

### COUNT SIX
### FALSE REPRESENTATION

58. The allegations of the above section entitled, "General Allegations," Count One, Count Two, Count Three, Count Four and Count Five are incorporated in this section.

59. On or about August 24, 2006, Dennis Fredrickson, as managing member of Fredrickson, Mazeika & Grant, LLP, made a promise they would pay Heath a salary, bonuses, based on the number of cases and clients he brought in, and to reimburse him for his expenses incurred for his work on Fredrickson, Mazeika & Grant, LLP's behalf.

60. On or about March 11, 2009, Grant on behalf of Fredrickson, Mazeika & Grant, LLP made a promise they would pay Heath a salary, bonuses, and to reimburse him for his expenses incurred for his work on Fredrickson, Mazeika & Grant, LLP 's behalf.

61. Mr. Fredrickson and Grant on behalf of Fredrickson, Mazeika & Grant, LLP intended that Heath rely on such promises.

62. Heath reasonably relied on such promises.

63. Fredrickson, Mazeika & Grant, LLP did not perform the promised act when this cause of action first accrued in or about December 2014.

64. Heath was harmed.

65. Heath's reliance on the promises of Mr. Fredrickson and Grant on behalf of Fredrickson, Mazeika & Grant, LLP were a substantial factor in causing him harm in an amount to be proven at trial.

66. Heath is informed and believes, and thereon alleges after such fraudulent conduct occurred, Grant, as a partner, member, and owner of Fredrickson, Mazeika & Grant, LLP knew of, authorized, adopted, and approved of such conduct.

67. Heath's claims against Grant arising from the conduct and actions described in this

Count are claims for money, property or services, obtained by Grant's false pretenses, false representations, or actual fraud and are thus a debt that must be excepted from Grant's discharge pursuant to 11 U.S.C. §523(a)(2)(A).

### COUNT SEVEN
### FALSE OATH

68. The allegations of the above section entitled, "General Allegations," Count One, Count Two, Count Three, Count Four, Count Five and Count Six are incorporated in this section.

69. The divorce of Grant and Andrea J. Grant is a sham divorce.

70. The Debtor's Statements, Lists and Schedules (docket 1) fail to disclose required items.

71. Such failure requires that Grant's discharge be denied pursuant to 11 U.S.C. §727(a)(4).

### COUNT EIGHT
### CONCEALED OR FALSIFIED RECORDED INFORMATION

72. The allegations of the above section entitled, "General Allegations," Count One, Count Two, Count Three, Count Four, Count Five, Count Six and Count Seven are incorporated in this section.

73. The divorce of Grant and Andrea J. Grant is a sham divorce. Grant and Andrea J. Grant have colluded to falsify and conceal recorded information regarding Grant's property.

74. Such conduct requires that Grant's discharge be denied pursuant to 11 U.S.C. §727(a)(3).

### COUNT NINE
### FAILURE TO SATISFACTORILY EXPLAIN LOSS OR DEFICIENCY OF ASSETS

75. The allegations of the above section entitled, "General Allegations," Count One, Count Two, Count Three, Count Four, Count Five, Count Six, Count Seven and County Eight are

8

incorporated in this section.

76. The divorce of Grant and Andrea J. Grant is a sham divorce.

77. Grant has failed to explain satisfactorily the loss of assets or deficiency of assets to meet the Grant's liabilities.

78. Such conduct requires that Grant's discharge be denied pursuant to 11 U.S.C. §727(a)(5).

79. Further, other provisions of §727(a) may be applicable and Heath reserves the right to amend this complaint if other information is learned through discovery or otherwise.

WHEREFORE, Heath requests the Court grant judgment in favor of Heath and against Defendant, as follows:

    A.    Excepting the Defendant's obligations from Defendant's discharge pursuant to 11 U.S.C. §523(a)(2), (4) or (6) as the same may be applicable, including prejudgment interest at the maximum rate provided by law, owed to Heath;

    B.    For judgment in the amount to be proven at trial;

    C.    For denial of the discharge in Grant's bankruptcy case;

    D.    For attorney's fees to the extent allowed under law and

    E.    For such other relief as the Court finds appropriate.

Dated: June 24, 2020

/s/ *Steven W. Yuen*
STEVEN W. YUEN
Attorney for Plaintiff Stephen B. Heath

9